**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **MICKEY ERNIE GLADDEN,**             )<br>                                                             )<br>            **Plaintiff**,                              )<br>                                                             )<br>    v.                                                    )<br>                                                             )<br>**UNITED STATES OF AMERICA,**       )<br>                                                             )<br>            **Defendants**                         )<br>_____) | CV F 04 6183  AWI<br>CR F 01 5070<br><br><br><br>**ORDER TO SHOW CAUSE<br>WHY PETITION SHOULD<br>NOT BE DENIED AS<br>UNTIMELY** |

In this case, petitioner Mickey Ernie Gladden, ("Petitioner") seeks relief under 28 U.S.C. section 2255 from the sentence of 30 months in custody and 36 months supervised release that were imposed by this court on July 21, 2003, following his entry of a guilty plea to one count of conspiracy to unlawfully sell firearms, a violation of 18 U.S.C. § 371.

**FACTUAL AND PROCEDURAL HISTORY**

Petitioner was convicted on a plea of guilty on July 21, 2003, to a single count of conspiracy to unlawfully sell firearms. Pursuant to the negotiated plea agreement, the remaining two counts were dismissed. In the plea agreement, Petitioner admitted that he and other conspiracy members agreed to unlawfully sell firearms, that Petitioner became a member of the conspiracy knowing at least one of its objects and intended to help others accomplish it and one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy to unlawfully sell firearms. Judgement was entered on July 24, 2003.

The Presentence Investigation Report ("PIR"), prepared for Petitioner's sentencing hearing, computed a base offense level of 18 for the crime. The PIR recommended that there be an eight-point increase for the high volume of weapons involved in the crime. The PIR therefore recommended an adjusted offense level of 26 and a three-point reduction for an acceptance of responsibility in the crime. The total offense recommended level was calculated at 23. Upon review of the PIR, the court sentenced Petitioner to 30 months of incarceration and 36 months supervised release.

On August 31, 2004, Petitioner filed a notice of motion and a motion pursuant to 28 U.S.C., section 2255.[1]

## LEGAL STANDARD

Section 2255 provides, in relevant part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence. Also under section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" United State s v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255) (emphasis in the original). The court may deny a hearing if the movant's allegations, viewed against he record, fail to state a claim for relief or "are so palpably incredibly or patently frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir. 1996) (internal citations omitted). To earn the right to a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief. Id. Mere conclusory statements in a section 2255 motion are insufficient to require a hearing. United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980).

---

[1] References to section numbers are to sections of Title 28 of the United States Code, unless otherwise specified.

**DISCUSSION**

Section 2255 provides that the one-year statute of limitations for the section begins to run at the latest of: (1) the date of the judgment of conviction becomes final; (2) the date on which a government-created impediment to bringing a section 2255 action is removed; (3) the date on which a right to bring the action was initially recognized by the Supreme Court, if the right has been newly recognized and made retroactively applicable to cases on collateral review; or, (4) the date on which the facts supporting a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255 (1)-(4).

In order to meet the requirements of a section 2255 action, a petitioner must file his petition within the one-year time period as calculated from the applicable triggering event. As for the second triggering event, Petitioner alleges no government-created impediment to bringing a section 2255, therefore no discussion is necessary. As for the fourth triggering event, since there is no issue of due diligence of the discovery of supporting facts, no discussion is necessary. Applicability of the first and third triggering events are discussed below.

The first triggering event states that the one-year statute of limitations begins to run on the date that the judgement becomes final. The judgement becomes final the day following the last day on which notice of appeal could have been filed. Where no appeal is taken from the eleventh day following entry of judgment in the case, the statute of limitations begins to run on the first day after the period for filing notice of appeal has passed. See Rodriguez v. United States, 111 F.Supp.2d 112, 113 (D. Conn. 1999). Judgement in this case was entered on July 24, 2003. The statute of limitations in Petitioner's case began to run from the expiration of the ten-day period in which he could have filed notice of appeal; that is, on August 4, 2003. Petitioner filed his section 2255 petition with the court[2] on August 31, 2004, twenty-seven days past the

---

[2] For purposes of ascertaining timeliness of filing, the Court deems the Motion filed on the date it was served. Huston v. Lack, 487 U.S. 266, 276 (1988). In the present case, the court's file does not indicate a date of service for the section 2255 petition as there does not appear to be a proof of service in the file. Viewing the filing of the section 2255 petition in the light most favorable to Petitioner, the court deems the petition served on the date it was signed;

statute of limitations deadline.  Viewing the filing of the section 2255 petition most favorably to defendant, the court will assume the petition was filed on the date signed, August 23, 2004. Reading Petitioner's date of his motion in the most favorable light and taking the "filing" date of August 23, 2003, as the date he signed the motion, Petitioner's motion was still filed nineteen days after the statute of limitations had run.

The third triggering event specified by section 2255 is not applicable because Petitioner does not assert a newly recognized right that has been made retroactive to cases on collateral review.  Petitioner's motion solely relies on Blakely v. Washington, 542 U.S. 296 (2004).   The Blakely decision, by its own terms, does not apply retroactively to cases on collateral view, and to date no other case has addressed the retroactivity of Blakely.   See In re: Dean, 375 F.3d 1287 (11th Cir. 2004).  Also pertinent to this case, the Ninth Circuit has held that Blakley does not apply retroactively on initial collateral review, United States v. Sanchez-Cervantes, 282 F.3d 664, 671 (9th Cir. 2002), or successive collateral review.  Rees v. Hill, 286 F.3d 1103, 1104 (9th Cir. 2002).  Petitioner's judgement became final on August 1, 2003, and Blakely was decided on June 24, 2004.  It is clear that Blakely was decided well over half a year after Petitioner's judgement became final.  Therefore, Petitioner cannot avail himself of the rule Blakely to cast his petition as coming within the scope of the third triggering event.  Petitioner's motion for relief pursuant to section 2255 is therefore time barred unless Petitioner can demonstrate some other reason, not now apparent to the court, why the his petition should not be considered time barred.

**CONCLUSION AND ORDER**

Before dismissing his motion, however, the court will give Petitioner an opportunity to be heard on the issue of whether his petition is time-barred, in compliance with the briefing schedule set forth below.

For the reasons set forth above, PETITIONER IS HEREBY ORDERED TO SHOW CAUSE why his motion for relief under 28 U.S.C. section 2255 should not be dismissed as

---

that is, on August 23, 2004.

4

barred under the one-year statute of limitations period discussed above.  Petitioner may submit a response to this order to show cause within 30 days of the date of this order.  If Petitioner does not respond to this order to show cause the court will deem his request for relief abandoned, and will order his motion dismissed and direct the Clerk of the Court to close this case.  Petitioner's response, if any, to this order to show cause shall be entitled "Response to Order to Show Cause," and shall be filed and served in compliance with the Local Rules and the Federal Rules of Civil Procedure.  Petitioner shall serve a copy of his response to this order to show cause, if any, upon the attorney for the government.

In his response, if any, to the order to show cause, Petitioner shall set forth <u>specific facts</u> regarding any claim he may make that any of the alternative starting points for the commencement of the limitations period should apply to the present case.

Within 15 days after Petitioner has filed and served his response, if any, to this order to show cause, the government may file and serve an opposition or other reply.

IT IS SO ORDERED.

**Dated:   August 29, 2005**              **/s/ Anthony W. Ishii**
h2ehf                                          UNITED STATES DISTRICT JUDGE